UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Louis John, | Case No. 18-cv-2079 (WMW/LIB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Kris Rish, | |
| Respondent. | |

This matter is before the Court on the June 7, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 17.) The R&R recommends denying Petitioner Peter Louis John's petition for a writ of habeas corpus and dismissing the matter without prejudice. John and Respondent Kris Rish filed timely objections to the R&R. For the reasons addressed below, the Court overrules both parties' objections, adopts the R&R, and dismisses this case without prejudice.

## BACKGROUND

On September 23, 2014, John was convicted in Ramsey County District Court of aiding and abetting second-degree murder. John appealed his conviction to the Minnesota Court of Appeals, which affirmed the conviction in all respects. *See State v. John*, No. A15-0303, 2016 WL 1288370 (Minn. Ct. App. Apr. 4, 2016). The Minnesota Supreme Court denied John's petition for further review.

John subsequently filed a petition for post-conviction relief in Ramsey County District Court. The district court denied the petition on the ground that John's claims were procedurally barred because he failed to raise them on direct appeal. The Minnesota Court

of Appeals affirmed, *see John v. State*, No. A17-1098, 2018 WL 700258 (Minn. Ct. App. Feb. 5, 2018), and the Minnesota Supreme Court denied John's petition for further review.

On July 20, 2018, John filed the instant habeas corpus petition. *See* 28 U.S.C. § 2254. He asserts five claims in support of granting habeas relief: the Minnesota courts erred in applying the *Knaffla* rule[1] as a ground for denying John's post-conviction petition in the state-court proceedings, and the trial court erroneously admitted John's pre-*Miranda* statements to the police, excluded evidence of a potential alternative perpetrator's other criminal activity,[2] precluded John from cross-examining a police officer about the officer's prior act of dishonesty, and failed to instruct the jury that other individuals were accomplices.

The R&R concludes that John did not raise in the state courts two of the habeas claims that he raises here. According to the R&R, although John referred to reverse-*Spreigl* evidence in his Minnesota Supreme Court petition for further review, John did not identify any federal constitutional right, statutory provision, or case law on which his claim for relief was based. In addition, the R&R observes that John's petition for further review did

---

[1]  After a direct appeal has been taken, all matters raised in a direct appeal and "all claims known but not raised" at the time of the direct appeal are barred from consideration in any subsequent petition for post-conviction relief. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976).

[2]  Evidence of the defendant's other crimes, wrongs, or bad acts sought to be admitted under Minnesota Rule of Evidence 404(b) is referred to as *Spreigl* evidence. *See generally State v. Spreigl*, 139 N.W.2d 167 (Minn. 1965). Evidence of *a third person*'s other crimes, wrongs, or bad acts offered to prove that person, rather than the defendant, committed the crime charged is commonly referred to as reverse-*Spreigl* evidence. *See State v. Johnson*, 568 N.W.2d 426, 433 (Minn. 1997).

not refer to any violation of the federal Confrontation Clause based on his inability to cross-examine a police officer about the officer's prior act of dishonesty. Thus, the R&R concludes that these claims are unexhausted.

Because John's petition contains both exhausted and unexhausted claims, the R&R recommends dismissing the habeas petition for failure to exhaust. The R&R identifies two options for the petitioner: either abandon the unexhausted claims and file an amended petition before the deadline for objections or seek dismissal without prejudice and exhaust the unexhausted claims in state-court proceedings. Both John and Rish filed timely objections to the R&R.

## ANALYSIS

When a party files and serves specific written objections to a magistrate judge's R&R, the district court reviews *de novo* those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Because John is proceeding *pro se*, the Court liberally construes his petition and objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## I.      John's First Objection to the R&R

John first objects to the R&R's conclusion that he failed to refer to a specific federal constitutional right, statutory provision, or case law when he presented his reverse-*Spreigl* claim to the Minnesota Supreme Court.

3

A habeas petitioner in state custody is required to exhaust all available state-court remedies before bringing any claim in federal court. 28 U.S.C. § 2254(b)(1). To exhaust state-court remedies as to a federal habeas claim, the petitioner must have "fairly presented" the "substance" of that federal claim in state courts. *Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir. 1994) (internal quotation marks omitted). In doing so, the petitioner must have presented to the state courts "the same facts and legal theories" that are later presented to a federal court. *Id.* The claim also must refer to a "specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Without more, "a general appeal to a constitutional guarantee as broad as due process [fails] to present the 'substance' of such a claim to a state court." *Id.* at 163.

John's petition alleges that the state trial court erroneously excluded reverse-*Spreigl* evidence of a potential alternative perpetrator. John presented this claim to both the Minnesota Court of Appeals and the Minnesota Supreme Court in his respective appeal and petition for further review. But John did not identify a "specific federal constitutional guarantee" in either instance.

Although John contends here that he "clearly established and demonstrated [ ] specific violations of federal constitutional rights[ ] and has presented cases to support a proposition that his federal constitutional rights were violated," the cases that John cites do

not address any issue relevant to the exclusion of reverse-*Spreigl* evidence.[3]  Moreover, John raises these cases for the first time in connection with his reverse-*Spreigl* claim.

In short, John's briefs filed in the state-court proceedings failed to "fairly present" any federal claim that pertains to the exclusion of reverse-*Spreigl* evidence.  *See Turnage v. Fabian*, 606 F.3d 933, 940 (8th Cir. 2010) (failure to "specifically refer to a provision of the U.S. Constitution or a right arising thereunder" supports finding failure to fairly present the issue).  Because John failed to exhaust his state-court remedies pertaining to this ground for habeas relief,[4] John's objection to this aspect of the R&R is overruled.

## II.     Rish's Objection to the R&R

Rish objects to the R&R's recommendation to dismiss this matter without prejudice so as to allow John to exhaust his claims in state courts.  Rish contends that, because the *Knaffla* rule would bar John's unexhausted claims in Minnesota courts, these claims are barred by procedural default in this proceeding.

---

[3]     In his objection to the R&R, John cites *Williams v. Taylor*, 529 U.S. 362 (2000) (ineffective-assistance-of-counsel claim based on counsel's failure to discover and present mitigating evidence during sentencing), *Calderon v. Thompson*, 523 U.S. 538 (1998) (considering whether the order of the court of appeals recalling its mandate in habeas corpus case violated 28 U.S.C. § 2244(b)), and *Kuhlmann v. Wilson*, 477 U.S. 436 (1986) (right-to-counsel claim based on admission of defendant's statements made to a cellmate who was a police informant).  These cases do not pertain to the admission or exclusion of reverse-*Spreigl* evidence.

[4]     John also objects to the R&R's failure to apply the "miscarriage of justice" exception to his petition, an argument that appears to respond to Rish's procedural-default objection.  Because the R&R does not address procedural default, the Court overrules this objection.

Under Minnesota law, all matters raised on direct appeal as well as "all matters known but not raised" at the time of the direct appeal are barred from consideration in any subsequent petition for post-conviction relief. *Greer v. Minnesota*, 493 F.3d 952, 956 (8th Cir. 2007) (citing *Knaffla*, 243 N.W.2d at 741). There are two primary exceptions to the *Knaffla* rule: (1) the presentation of a novel legal issue and (2) the requirement for relief in the interests of fairness if "the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Id.* (quoting *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995)).

Rish acknowledges these "[v]ery narrow exceptions" to the *Knaffla* rule and summarily asserts that "none of them would apply to prevent [John]'s claims from being barred were he to return to state court." But neither Rish's objection nor his response in opposition to John's habeas petition substantively addresses the application of these exceptions to John's unexhausted claims. In the absence of substantive analysis by the parties, the Court declines to address this issue. *See United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 816 n.3 (8th Cir. 2012) (declining to consider a cursory argument). Moreover, as this issue pertains exclusively to the application of Minnesota law, Minnesota state courts are the more appropriate venue for the parties to present in the first instance their arguments as to the *Knaffla* exceptions.

Accordingly, the Court overrules Rish's objection.

### III.    John's Second Objection to the R&R

John also objects to the R&R's recommendation to deny him a certificate of appealability.

A state prisoner may not appeal the denial of a Section 2254 petition for habeas corpus relief unless a certificate of appealability has been issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only if the habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This legal standard requires a petitioner to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Because his state-court case is "about who kill[ed] the victim" and he has offered evidence showing that the two witnesses at his trial did so, John contends, he has demonstrated the denial of a constitutional right. But this argument is not legally germane. John's conviction of aiding and abetting second-degree murder accounts for the fact that others were involved in the murder. *See* Minn. Stat. § 609.05, subdiv. 1 (a person aids and abets a criminal act if he or she "intentionally aids . . . [an]other to commit the crime").

Appellate review is not warranted as to the denial of John's petition for habeas relief for two reasons. First, John has not made a substantial showing of a denial of a constitutional right; and second, it is unlikely that another court would conclude otherwise. Accordingly, the Court overrules John's objection to the R&R's conclusion that there is no cause to issue a certificate of appealability.

## IV. Clear Error Review

The Court reviews for clear error the remainder of the R&R, to which neither party specifically objects. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per

curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error and adopts the R&R in full.

Because John did not file an amended petition as the magistrate judge ordered in the R&R, the Court denies John's habeas petition and dismisses this matter without prejudice.

## ORDER

Based on the R&R, the foregoing analysis, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Respondent Kris Rish's objections to the R&R, (Dkt. 18), are **OVERRULED**.

2.      Petitioner Peter Louis John's objections to the R&R, (Dkt. 20), are **OVERRULED**.

3.      The June 7, 2019 R&R, (Dkt. 17), is **ADOPTED**.

4.      Petitioner Peter Louis John's petition for a writ of habeas corpus, 28 U.S.C. § 2554, (Dkt. 1), is **DENIED**.

5.      This matter is **DISMISSED WITHOUT PREJUDICE**.

6.      No Certificate of Appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 14, 2019                    s/Wilhelmina M. Wright_____
                                            Wilhelmina M. Wright
                                            United States District Judge